# EXHIBIT A

```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE


10X GENOMICS, INC.,            )
                  Plaintiff, ) Civil Action No.
                               ) 19-cv-00862-CFC-SRF
v.                             )
                               )
CELSEE, INC.,                  )
                  Defendant. )




                    Wednesday, October 2, 2019
                    2:00 p.m.


                    844 King Street
                    Wilmington, Delaware


BEFORE:  THE HONORABLE SHERRY R. FALLON
          United States Magistrate Judge



APPEARANCES:


     RICHARDS, LAYTON & FINGER, P.A.
     BY:  JASON J. RAWNSLEY, ESQ.

              -and-

     DURIE TANGRI
     BY:  DARALYN J. DURIE, ESQ.

              Counsel for the Plaintiff
```

APPEARANCES, CONTINUED:


FARNAN LLP
BY:  BRIAN E. FARNAN, ESQ.

-and-

WEIL, GOTSHAL & MANGES LLP
EDWARD R. REINES, ESQ.
RANDI W. SINGER, ESQ.

Counsel for the Defendant


- - - - -

1                    THE COURT:  Good afternoon,

2     everyone.  Please be seated.

3                    This is the time set aside in the

4     10X Genomics v. Celsee.  We will start with the

5     introductions of counsel then.  For plaintiffs?

6                    MR. RAWNSLEY:  Good afternoon,

7     your Honor.  Jason Rawnsley, Richards, Layton &

8     Finger, for 10X Genomics.  I'm joined today by

9     Daralyn Durie of Durie Tangri, and also with us

10    is Eric Whitaker, 10X's general counsel.

11                   THE COURT:  Good afternoon.

12                   MR. FARNAN:  Good afternoon, your

13    Honor.  Brian Farnan on behalf of Celsee, and

14    with me is Ed Reines and Randi Singer from Weil

15    Gotshal, and then we have Christian LaPointe

16    from Celsee.

17                   THE COURT:  Thank you.

18                   All right.  Let me take a moment.

19    I see you have a PowerPoint up there.  Celsee

20    can come to the lectern, Mr. Reines, if you

21    want to get set up.  I need to pull up the

22    docket on this, so if I need to reference the

23    pleadings as we go along, I have them in front

24    of me.

```
 1                    All right, let's proceed.  If I
 2      need a paper copy or hard copy of the
 3      pleadings, we can just as well get it.  It's
 4      continuing to welcome me but not giving me any
 5      options or pulling up the docket, so let's move
 6      on.
 7                    I'm ready to begin.  There's a
 8      number of claims.  At the outset, Mr. Reines,
 9      could you frame for me if there is a full
10      dismissal or a partial dismissal?  The reason I
11      ask is I understand there's five
12      patents-in-suit.  Not all of them are method
13      patents.  One is not, the '648.  I'm wondering
14      how the motion to dismiss relates to that
15      patent insofar as certain requests are made to
16      dismiss contributory and inducing infringement
17      and direct infringement.
18                    MR. REINES:  Thank you.  Good
19      question to start it.  And the answer is it's
20      definitely partial, because with respect to the
21      direct infringement claim, there's certainly an
22      allegation of direct infringement via use which
23      would apply to all the patents.
24                    THE COURT:  I interpreted it as
```

1     such, but I wanted to clarify.

2                 MR. REINES:  But in some senses

3     it's about -- there's a lot of it that's at

4     issue, as the Court knows from going through

5     the papers.

6                 So I'd like to thank the Court

7     for setting aside time in the midst of what we

8     all know is an incredibly hectic docket here,

9     and I'm sure I speak for all of us when I say

10    that.

11                I'd first like to introduce the

12    parties to frame the discussion.  10X Genomics

13    is a public company.  They are a relatively new

14    company from 2015, when they introduced their

15    product at least.  And what I wanted to note is

16    it's a litigious company.  They're in 37 -- if

17    you run Docket Navigator, they are in 37

18    different actions, whether it's ITC here, the

19    PTAB, whatever.  So that's their, you know,

20    their relevant characteristic in terms of this

21    case from our perspective.  Their mention of

22    pioneering, as I also mentioned, Judge Andrews

23    entered an injunction recently against them

24    based on a willful infringement finding.  So

1    that's the background.

2                 With respect to Celsee, Celsee is

3    a company who introduced its product in 2018,

4    so it's been on a matter of months, really, in

5    terms of sales, and is about 60 employees, as

6    we put in our papers.  By any standards coming

7    into this courthouse, that's a tiny, tiny, tiny

8    company.  And the reason that that's relevant

9    in the relative position is the basic *Iqbal* and

10   *Twombly* question, which is really what's at

11   heart here, is designed to ensure that the

12   Court acts as a gatekeeper, to make sure that

13   the doors of discovery don't swing open on the

14   claims plausible and sufficiently pled.  And in

15   a case of a company with 60 employees that's

16   trying to get off the ground, as the Court

17   knows, a federal court litigation could just

18   kill it on its own.  And I think that even a

19   narrower set of issues makes it more colorable.

20               So I think the concepts of

21   proportionality which are frequently invoked in

22   federal court apply here.  And I think that

23   when I go through the claims, you'll see why we

24   believe many of these claims are insufficient.

```
1    State of Delaware)
                     )
2    New Castle County)

3

4                CERTIFICATE OF REPORTER

5

6         I, Jennifer M. Guy, Registered

7    Professional Reporter and Notary Public in the

8    State of Delaware, do hereby certify that the

9    foregoing record, Pages 1 to 86 inclusive, is a

10   true and accurate record of the above-captioned

11   proceedings held on the 2nd day of October,

12   2019, in Wilmington.

13        IN WITNESS WHEREOF, this 17th day of

14   October, 2019, at Wilmington.

15

16

17

18        /S/  Jennifer M Guy, RPR
          Jennifer M. Guy, RPR
19

20

21   DATED:  October 17, 2019

22

23

24
```

# EXHIBIT B



Christian LaPointe, PhD



...

# Christian LaPointe, PhD

General Counsel at Celsee, Inc.; Deputy General
Counsel at ArcherDX, Inc.

Boston, Massachusetts · 500+ connections

Join to Connect

 **Celsee, Inc.**

**Dartmouth College**

## Activity



**Consero Group's annual IP Forum for Life Sciences kicks off today in Newport Beach. We look forward to welcoming a fantastic group of IP leaders and...**

Liked by **Christian LaPointe, PhD**



**This month is a busy time for so many of us. The end of the year is approaching, we've got loose ends to tie up, year-end goals and budgets to meet,...**

Liked by **Christian LaPointe, PhD**

**The Genesis System uniquely enables the processing of two Slide Technologies for many applications. Contact us to find out more about end of year...**

Liked by **Christian LaPointe, PhD**



Join now    **Sign in**

Christian LaPointe, PhD

# Experience

### General Counsel
Celsee, Inc.

Aug 2019 – Present · 5 months

Greater Boston Area

Celsee, Inc., is harnessing the gentle power of gravity to break down barriers in single-cell analysis. Scaling easily to millions of cells, Celsee's Genesis system offers an efficient approach for accurately analyzing rare cells. Its unparalleled capture and viability rates deliver results users can count on. This has immediate use in single-cell cytometry, proteogenomics, transcriptomics, and rare-cell enumeration.

### ArcherDX, Inc.

5 years

### Deputy General Counsel
Aug 2019 – Present · 5 months

Greater Boston Area

### General Counsel
Jan 2015 – Aug 2019 · 4 years 8 months

Greater Boston Area

### General Counsel
Thrive Bioscience, Inc.

Aug 2014 – Jul 2019 · 5 years

Greater Boston Area

### General Counsel
Enzymatics

Mar 2013 – Jan 2015 · 1 year 11 months

### General Counsel



Join now    Sign in

Christian LaPointe, PhD

**Attorney in Litigation Dept.**

Sherin and Lodgen LLP

Apr 2012 – Mar 2013 · 1 year

Greater Boston Area

**Senior Patent Manager**

Dana-Farber Cancer Institute

Jun 2002 – Oct 2009 · 7 years 5 months

**Technology Specialist**

Testa, Hurwitz & Thibeault, LLP

Jan 2000 – Jun 2002 · 2 years 6 months

## Education

**Dartmouth College**

Ph.D. · Biochemistry

1993 – 2000

Activities and Societies: NIH Pre-doctoral fellowship 1997-2000

**Suffolk University Law School**

JD · Concentration in Intellectual Property

2000 – 2004

**University of New Hampshire**

B.S. · Biochemistry · Magna cum laude

1989 – 1993



Join now | Sign in

Christian LaPointe, PhD

1988 – 1989

Activities and Societies: Crew

### Bishop Guertin High School

1984 – 1988

## Groups

### BioNetwork – The BioPharma Industry's Most Exclusive Partnering Event

### LAW JOBS NETWORK - #1 Legal Careers Group

### In The House® — The #1 Network For In-House Counsel

### Dartmouth Medical School Alumni

### Mass Life Sciences Start-up Initiative - MALSI

### FierceBiotech: A Network of Biotechnology Professionals

Show 8 more groups

## View Christian LaPointe, PhD'S full profile to

 **Linked**in

Join now    **Sign in**

Christian LaPointe, PhD

**Join to view full profile**

## People also viewed

**Ariel Jasie**
Chief Business Officer, General Counsel, & Corporate Secretary at eGenesis, Inc.

 **Jason Myers**
CEO at ArcherDX Inc

 **Karen Fritschen, SPHR, SHRM-SCP**
EVP, Human Resources at ArcherDX, Inc.

**Aaron Berlin**
Vice President of Bioinformatics and Commerical Software at ArcherDX, Inc.

 **Matt Franklin**
Currently Chief Business Officer, ArcherDx, Inc

 **Kathy Chen**
Investor at 1955 Capital

 **Shelley Swinson, PHR**
Human Resources Business Partner at Bio-Rad Laboratories

**William Neeley**
Head of Intellectual Property at Magenta Therapeutics

**Tom Kirchofer**
Assistant General Counsel at ArcherDX, Inc.

**Julide Bilen, PhD**
Experienced Scientist in Neurodegenerative, Metabolic, and Rare Genetic Diseases



Join now    **Sign in**

Christian LaPointe, PhD

### Understanding Rights of Publicity: A Deeper Dive

### Music Law: Copyrighting a Song

**See all courses**

## Christian's public profile badge

Include this LinkedIn profile on other websites

**Christian LaPointe, PhD**
General Counsel at Celsee, Inc.; Deputy General Counsel at ArcherDX, Inc.

General Counsel at Celsee, Inc.

Dartmouth College

View profile

**View profile badges**

## View similar profiles

**Delos Larson**
Vice President & Deputy General Counsel at Merit Medical Systems, Inc.

**Emily Reagh Harris**
General Counsel at MTI Biotech, Inc.

**Jeff Peters**
General Counsel at MacroGenics, Inc.



Join now    Sign in

Christian LaPointe, PhD

General Counsel at AliveCor Inc.

**Chris Alder**

Innovator

**Christopher Klein**

General Counsel at Osmotica Pharmaceuticals plc

**Nathan Schleifer**

General Counsel at SHINE

**Nate Poulsen**

General Counsel and Head of Legal, Intellectual Property, and Licensing

**Maria Buckley**

General Counsel at Joslin Diabetes Center

---

© 2019                                    About

User Agreement                            Privacy Policy

Cookie Policy                             Copyright Policy

Brand Policy                              Guest Controls

Community Guidelines                      Language ⌄

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| 10x GENOMICS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 19-862-CFC-SRF |
| CELSEE, INC., | |
| Defendant. | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 10X Genomics, Inc. and Celsee, Inc. (collectively, "the Parties") have stipulated and agreed to the terms and entry of this Stipulated Protective Order (the "Order");

WHEREAS, because this Order is issued to facilitate discovery under the Local Rules of this Court and the Federal Rules of Civil Procedure, documents and testimony containing confidential, proprietary business information, and/or trade secrets subject to the terms of this Order may be used only for purposes of this Litigation, and unless modified pursuant to the terms contained herein, this Order shall remain in effect through the conclusion of this lawsuit;

WHEREAS, documents and testimony containing confidential, proprietary business information, and/or trade secrets ("Confidential Information") that bears significantly on the Parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this lawsuit; and

WHEREAS, counsel for a Party receiving Confidential Information may at the time of production lack sufficient information to accept the representations made by the producing Party or non-Party as to the confidential, proprietary, and/or trade secret nature of such Confidential Information;

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby ORDERS that this Order shall govern the disclosure, production, and use of information, documents, and tangible items in connection with the Action.

## 1.    <u>PURPOSES AND LIMITATIONS</u>

The Parties assert that they may possess confidential information in the form of trade secrets or other confidential business, personal and/or technical information related to the subject

matter of this Litigation.  The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this Litigation.  As a result, the Parties desire to limit disclosure and prevent use of such information for purposes other than the prosecution and defense of this Litigation. In addition, the Parties contemplate that non-parties may produce confidential information.

This Order shall apply to all information, documents, and things within the scope of discovery in this Litigation that are in the possession or custody of, or are owned or controlled by the Parties or third parties, including but not limited to documents and things responsive to requests for production of documents and things under Federal Rule of Civil Procedure 34 (including business records produced  pursuant to Federal Rule of Civil Procedure 33(d)); answers to interrogatories under Federal Rule of Civil Procedure 33; responses to requests for admission under Federal Rule of Civil Procedure 36; testimony provided at deposition  pursuant to Federal Rule of Civil Procedure 30 or 31; testimony provided at any hearing in this Litigation; documents and things responsive to, and testimony provided pursuant to any subpoena issued in this Litigation under Federal Rule of Civil Procedure 45; and documents, things, testimony, or other information obtained through discovery from foreign third parties, including but not limited to such discovery taken under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.  All such materials shall be used only in connection with the preparation, trial, and appeal of this Litigation.  This limitation shall not apply to the Party that created or produced such materials, or otherwise had possession, custody, ownership, or control of the materials prior to the initiation of this lawsuit.

2.     **DEFINITIONS**

a.     *Designated Material*: The term "Designated Material" shall mean and

refer to all information and material subject to this Order that constitutes or contains a trade

secret or other confidential research, development, or commercial information, including but not

limited to non-public technical, business, or financial information, marketing plans, customer

lists, vendor lists and proposals, pricing and cost data, business plans, user information, and all

information, documents, and things referring or relating to the foregoing, including copies,

abstracts, and summaries of the same.  "Designated Material" includes "CONFIDENTIAL

INFORMATION," and "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," and as

those terms are defined below.  The scope of this Order shall be understood to encompass not

only Designated Material which is expressly designated as "CONFIDENTIAL

INFORMATION," or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," but also

any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as

testimony and oral conversations which reveal that information.

      b.    *Discovery Material:* The term "Discovery Material" shall mean any

document (as defined below), material, item, testimony,  information, or thing filed with or

presented to the Court or produced, disclosed, served, or generated in connection with the

discovery process or Federal Rule 26(a) disclosures in this Litigation, including without

limitation, for example, initial disclosures; exhibits; answers to interrogatories; responses to

requests for admissions; responses to requests for production; expert reports; subpoenas;

declarations; affidavits; deposition testimony or transcripts; and all copies, extracts, summaries,

compilations, presentation by parties or counsel to or in court, designations, and portions thereof.

      c.    *Confidential Information:* The term "CONFIDENTIAL INFORMATION"

means information or material that a designating Party believes, in good faith, embodies,

contains or reflects confidential information or material that is used by the designating Party in,

or pertaining to, its business, which information or material is not generally known and which the designating Party would normally not reveal to third parties, including but not limited to confidential research, development, commercial, proprietary, technical, business, financial, sensitive or private information or material.

        d.    *Outside Attorneys' Eyes Only Information:* The term "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" means "CONFIDENTIAL INFORMATION" of a commercially sensitive nature such as a trade secret that a designating Party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties or select employees or agents of the Receiving Party, including, but not limited to, unpublished pending domestic or foreign patent applications; non-public financial, marketing, strategic, organizational, operational or competitive information; and highly sensitive technical information relating to the design, development, research, testing and production of products.

        e.    *Document:* The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

        f.    *Outside Counsel:* The term "outside counsel" means attorneys who are not employees of a Party to this Litigation but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party or are affiliated with a law

firm which has appeared on behalf of that Party.

g.      *Party:* The term "Party" means any party to this Litigation including all of its officers, directors and employees, and (other than its legal counsel) consultants.

h.      *Producing Party:* The term "Producing Party" shall mean any Party to this Litigation or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery in connection with this Litigation.

i.      *Receiving Party:* The term "Receiving Party" shall mean any Party to this Litigation, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material from a Producing Party.

j.      *Litigation:* The term "Litigation" shall mean the above-captioned case (No. 19-862-CFC-SRF) in the United States District Court for the District of Delaware, including any appeals therefrom.

**3.      PROCEDURE FOR MARKING PRODUCED DOCUMENTS**

Copies of documents produced in this Litigation, whether pursuant to a formal discovery request or otherwise, shall bear a unique identifying number, except such unique identifying number is not required when documents are produced only for inspection.

**4.      CATEGORIES OF DESIGNATED MATERIAL**

a.      *Types*. Any Producing Party may mark Designated Material as follows: (i) if containing "CONFIDENTIAL INFORMATION," by marking the Designated Material "CONFIDENTIAL";  or (ii) if containing "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," by marking the Designated Material "OUTSIDE ATTORNEYS' EYES ONLY," if the Producing Party reasonably believes in good faith that the Designated Material

6

meets the requirements of Paragraph 2(c) or 2(d), respectively, above.

b.      *Additional Categories.*  The Parties may agree to add additional categories of Designated Material (in addition to CONFIDENTIAL INFORMATION, OUTSIDE ATTORNEYS' EYES ONLY INFORMATION) from time to time as may be necessary or appropriate.  If the Parties cannot resolve the issue of whether this Order should be amended to include the proposed new category of Designated Material, the dispute may be submitted to the Court via the assigned district judge's procedures for the raising of such matters.  Disclosure of the Discovery Material, however, shall still be made, but with the highest level of confidentiality available under this Order, pending resolution of the objection by the Parties or the Court, as the case may be.

5.      **PROCEDURE FOR MARKING DESIGNATED MATERIAL**

Marking Designated Material as CONFIDENTIAL or OUTSIDE ATTORNEYS' EYES ONLY shall be made by the Producing Party in the following manner:

a.      In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL," or "OUTSIDE ATTORNEYS' EYES ONLY" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

b.      In the case of electronically stored information ("ESI"), (i) digital image files, such as TIFFs, will be marked by the Producing Party with the appropriate designation on each viewable page or image, and (ii) native documents and databases will be marked by the Producing Party with the appropriate designation using a naming convention that conveys its confidentiality status, or some other appropriate means to communicate the confidential nature of the ESI that is agreed upon by the Parties;

7

c.      In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "OUTSIDE ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the Receiving Party;

d.      Any individual response to written interrogatories or requests for admissions or any expert report that contains or constitutes Designated Material shall be labeled or marked by the Producing Party as "CONFIDENTIAL," or "OUTSIDE ATTORNEYS' EYES ONLY" as the case may be, at the time it is provided or disclosed to the Receiving Party, by indicating either at the outset of the document embodying the response or in the body of each individual response, the designation applicable to each response.  With respect to responses to written interrogatories or requests for admissions already served in this Litigation, the outside counsel for the respective Parties shall exchange letters within 10 business days following entry of this Order identifying the designation, if any, applicable to each;  and

e.      In the case of deposition testimony, transcripts or portions thereof; designation shall be made by any Party either (i) orally on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL," or "OUTSIDE ATTORNEYS' EYES ONLY" by the reporter, as the Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after receipt of the official transcript.  All counsel receiving such notice shall be responsible for marking the copies of the designated

8

transcript or portion thereof in their possession or control as directed by the Party or deponent. Pending expiration of the ten (10) business days, all Parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."  If the deposition is videotaped, the video technician shall mark the original and all copies of the videotape to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case.  Its contents may not be viewed, displayed, or revealed except by order of the Court or pursuant to written stipulation of the Parties."  No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material (based on the designation of such Designated Material) under the terms of this Order.

      **6.**      **<u>UNINTENTIONAL FAILURE TO DESIGNATE</u>**

If, through inadvertence, a Producing Party provides any Designated Material pursuant to this Litigation without designating or marking the Designated Material as CONFIDENTIAL, or OUTSIDE ATTORNEYS' EYES ONLY, or fails to designate or mark materials correctly, this does not, standing alone, waive the Producing Party's right to secure protection under this Order. The Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, as the case may be, upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Designated Material.  Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.  However, in the event

9

the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take reasonable steps to conform distribution to the categorical designation, *i.e.,* by attempting to retrieve all copies of the Designated Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material, advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order and, if necessary, using best efforts to obtained a signed protective order undertaking from that person.

       **7.**      CONTESTING THE DESIGNATION

         a.      No Party to this Litigation shall be obligated to challenge the propriety of any designation by any Producing Party at the time the designation is made, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge thereto unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation.

         b.      A Party may contest a claim of confidentiality.  Such Party objecting to the designation of any Discovery Material as Designated Material, such as CONFIDENTIAL INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, must give outside counsel for the Producing Party written notice that specifically identifies the documents or information that the Objecting Party contends should be differently designated and state with particularity the complete grounds for the objection.  Outside counsel for the Objecting Party and outside counsel for the Producing Party are to then meet and confer in person or by telephone in an effort to resolve the contested designation.  In conferring, the Objecting Party must explain the basis for its belief that the confidentiality designation was not proper and must give the

10

Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  If the parties fail to resolve the contested designation through meet and confer, the Producing Party must seek an order maintaining the designation via the assigned district judge's procedures for the raising of such matters.  If the Producing Party fails to seek such an order within 14 days of the initial written notice of the objection, the contested designation shall be removed.  In the resolution of such matter, the burden of establishing confidentiality shall be on the Party who made the claim of confidentiality, *i.e.,* the Producing Party, but information designated as CONFIDENTIAL INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall be deemed as such until the matter is resolved.

8.   **ACCESS TO DESIGNATED MATERIAL**

a.   *Basic Principles*.  A Receiving Party is authorized under this Order to use Designated Material that is disclosed by another Party or by a non-Party in connection with this case only for prosecuting, defending or attempting to settle this Litigation. Such Designated Material may be disclosed only to those categories of persons and under the conditions described in this Order.

Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b.   *Disclosure of "CONFIDENTIAL INFORMATION."*  Designated Material marked "CONFIDENTIAL" may be disclosed only to:

i.   any employee of the Producing Party;

ii.   any former counsel or employee of the Producing Party who was

11

involved with the matters to which the "CONFIDENTIAL INFORMATION" relates or refers;

      iii.    any person who authored or received the "CONFIDENTIAL INFORMATION" prior to its production or disclosure in this Litigation;

      iv.    the Court, its technical advisors, its personnel, and the jury in this Litigation;

      v.    the Receiving Party's outside counsel, its staff, and its commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database services;

      vi.    no more than five (5) officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the undertaking attached as EXHIBIT A agreeing to be bound by the terms of this Order;

      vii.    court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

      viii.    subject to Paragraph 9, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate, or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

      ix.    persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as

12

EXHIBIT A, agreeing to be bound by the terms of this Order;

        x.     mock jurors or focus group members, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order; and

        xi.     persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.

        c.     *Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."* Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

        i.     the Receiving Party's outside counsel, its staff, and its commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database services;

        ii.     any person who (a) appears on the face of the Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" as an author, addressee, or recipient thereof, or (b) is a witness during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that such person authored or received the Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" prior to its production or disclosure in this Litigation;

        iii.     the Court, its technical advisors its personnel, and the jury in this Litigation;

        iv.     court reporters and videographers engaged for depositions,

inspections, and other proceedings in this Litigation;

v.      subject to Paragraph 9, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

vi.      persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

vii.      mock jurors or focus group members, provided that, prior to receiving "ATTORNEYS' EYES ONLY INFORMATION," such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order; and

viii.      persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.

### 9.      CONDITIONS ON ACCESS TO DESIGNATED MATERIAL

14

       a.    *Consultants and Experts.* Prior to a Receiving Party giving, showing, disclosing, making available or communicating Designated Material to any expert or consultant under Paragraph 8(c)(v) or Paragraph 8(d)(iv), the Receiving Party shall serve a written notice on the Producing Party that includes:

       i.    the person's name and business address;

       ii.    the person's present employer and title (along with a job description);

       iii.    a list of the cases in which the person has testified at deposition or trial and all companies with which the person has consulted or by which the person has been employed for the past five years;

       iv.    any previous or current relationship (personal or professional) with any of the Parties;

       v.    all companies for which the person has consulted or by which the person has been employed, within the past five years, the years of such consulting or employment, and a brief description of the work performed (In the event such proposed expert or consultant is prohibited due to confidentiality obligations to a non-Party from disclosing a present or prior employment or consultancy, the expert or consultant shall so state and shall in that case disclose such information as the expert or consultant is permitted to provide regarding the nature of the employment or consultancy (such as, e.g., the industry or technology involved in that employment or consultancy; whether the employment or consultancy was for a competitor of a Party; and like information) to enable, to the extent possible, the Producing Party to determine whether or not to object to the expert or consultant);

       vi.    the person's up-to-date curriculum vitae or resume (if the up-to-

date curriculum vitae or resume of the expert or consultant provides the preceding information then the information need not be separately provided); and

       vii.    a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Order.

       b.    *Objections to Proposed Consultants and Experts*.  The Producing Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order executed by such expert or consultant, by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material.  Outside counsel for the Producing Party and outside counsel for the Receiving Party shall meet and confer within three (3) business days after the Producing Party serves its objection, for the purpose of attempting to resolve the objection.  If the objection is not resolved by the Parties, the Producing Party must seek relief from the Court via the assigned district judge's procedures for the raising of such matters within five (5) business days after such meet and confer.  Otherwise, the Producing Party shall be deemed to have withdrawn its objection.  In any such request before the Court, the Producing Party shall set forth the Parties' meet and confer efforts and shall bear the burden of showing the need for confidentiality and the grounds for its objection.  No disclosure of Designated Material shall be made to the proposed expert or consultant until the Parties resolve the dispute, the objection is withdrawn, or the Court permits such disclosure.  The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

16

10.     **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**

If it becomes necessary for a Receiving Party's outside counsel to seek the assistance of any person, other than those persons referred to in Paragraph 8, and to disclose Designated Material to such person to properly prepare this Litigation for trial, the following procedures shall be employed:

a.     Outside counsel of the Receiving Party shall notify, in writing, outside counsel for the Producing Party, identifying therein the specific Designated Material to be disclosed and the name, address and position (along with a job description) of the person(s) to whom such disclosure is to be made;

b.     If no objection to such disclosure is made by outside counsel for the Producing Party within ten (10) days of such notification, outside counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that outside counsel for the Receiving Party shall serve upon outside counsel for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form attached as EXHIBIT A, whereby such person agrees to comply with and be bound by this Order.  The acknowledgment shall be retained by outside counsel for the Receiving Party, and distributed upon final disposition of this Litigation as set forth in Paragraph 9 above.

c.     If, within five (5) business days, the outside counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon request by the Receiving Party pursuant the assigned district judge's procedures for the raising of such matters.  Before seeking such relief, outside counsel for the Receiving Party shall meet and confer with outside counsel for the Producing Party in a good faith effort to resolve their differences.

       d.     Any Party seeking such an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the confidentiality designation and explaining the harm that would result from the requested disclosure.

### 11.    PROSECUTION BAR

       a.     Absent written consent from the Producing Party, any attorney, patent agent or paralegal for or representing a Party who receives access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall not be involved in the prosecution of patents or patent applications relating to the partitioning and tagging of single cells and related chemical reactions, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). This prosecution bar shall apply to individuals only and shall not be applied to an entire law firm. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims (for example, original prosecution, reissue, and reexamination proceedings). To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent in a proceeding before a domestic agency (including a reissue protest, ex parte reexamination, *inter partes* review, or post-grant review) or representing a party defending a patent that has been challenged in a proceeding before a domestic agency (including a reissue protest, ex parte reexamination, *inter partes* review, or post-grant review), to the extent the counsel's activities do not include the drafting or amending of patent claims, or advising others regarding the drafting or amendment of patent claims. This Prosecution Bar shall begin when

18

access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" is first received by the

affected individual and shall end two (2) years after final termination of this action.

**12.     PROCEDURES FOR FILING PAPERS WITH DESIGNATED MATERIAL**

Designated Material may be included with, or referred to in, papers filed in this

Litigation, but only in accordance with the following procedures:

All papers filed with the Court, including but not limited to pleadings and

memoranda of law, which include all or any portion of information set forth in Designated

Material must be filed under seal in accordance with the Court's procedures for the filing of

documents under seal.

**13.     UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

Counsel shall exert their best efforts to identify information (including documents or

material) protected from discovery by the attorney-client privilege, the work-product doctrine or

any other applicable privilege or immunity prior to the disclosure of any such documents or

material. If information subject to a claim of attorney-client privilege, work-product immunity,

or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally

produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel

as to any such privilege, doctrine, right or immunity.

If a Producing Party unintentionally or inadvertently discloses information that it believes

is protected, privileged or otherwise immune from discovery, the Party shall, as soon as

practicable after discovery of the disclosure, so advise the Receiving Party in writing, request the

information be returned, and attach a privilege log with an entry pertaining to the information

that is privileged or otherwise immune from discovery.  If that request is made and the privilege

log provided, no Party to this Litigation shall thereafter assert on this basis that the disclosure

19

waived any privilege or immunity.  If a Receiving Party receives information that the Receiving

Party believes may be subject to a claim of privilege or protection from discovery, the Receiving

Party shall promptly identify the information to the Producing Party.

When a Producing Party or Receiving Party identifies such privileged or protected

information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of,

such information; (2) shall immediately take reasonable steps to retrieve the information from

others to which the Receiving Party disclosed the information; (3) shall immediately, and not

later than three (3) business days after receipt of the Producing Party's request, return to the

Producing Party or destroy the privileged or protected information and destroy all copies thereof;

and (4) shall confirm to the Producing Party the destruction under (3) above of all copies of the

privileged or protected information not returned to the Producing Party.  No one shall use the

fact or circumstances of production of the information in this Litigation to argue that any

privilege or protection has been waived.  The cost, if any, for excising such documents or

materials by the Receiving Party shall be borne by the Producing Party.  Notwithstanding this

provision, no Party or its outside counsel shall be required to return or destroy any information

that may exist on any disaster recovery backup system.

The Receiving Party may seek to compel the production of information identified by the

Producing Party as privileged or protected on the basis that: (a) the information was never

privileged or protected from disclosure; or (b) any applicable privilege or immunity has been

waived by some act other than the production of the information in this Litigation.  Any such

request shall not disclose or otherwise use the content of the inadvertently produced document or

information (beyond any information appearing on the privilege log) in any way.  The parties

expressly acknowledge that documents which are inadvertently produced cannot be sequestered

20

by a Receiving Party for submission to the Court. Outside counsel for the Producing Party and outside counsel for the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such request to compel production.

To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material.

### 14.   INFORMATION NOT COVERED BY THIS ORDER

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission by the Producing Party to the Receiving Party in this Litigation, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this Order.

### 15.   RESPONSIBILITY OF ATTORNEYS

Outside counsel for the Receiving Party shall be responsible for employing reasonable measures to control duplication of; access to, and distribution of copies of Designated Materials it received.  The Receiving Party shall not duplicate any Designated Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, and experts or consultants approved under Paragraphs 8 and 9, for use as working copies.  All copies, extracts and translations must be appropriately marked and are subject to Paragraph 17 of this Order.

16.     **FINAL DISPOSITION**

Upon termination, settlement or the entry of final judgment in resolution of this

Litigation, including exhaustion of all appeals, the originals and all copies of Designated

Material, shall be either destroyed or turned over to the Producing Party, or to its respective

outside counsel, within sixty (60) calendar days.  However, outside counsel may retain

pleadings, attorney and consultant work product, attorney-client communications,

communications with opposing counsel, discovery, and depositions for archival purposes.  If

Designated Material is destroyed (in lieu of return) pursuant to this paragraph, outside counsel

for the Receiving Party shall provide to outside counsel for the Producing Party a certification

identifying when and how the destruction was performed.  The provisions of this Order insofar

as it restricts the disclosure, communication of, and use of Designated Material produced

hereunder shall continue to be binding after the conclusion of this Litigation.

17.     **REFERENCE TO THIS ORDER AT TRIAL**

No reference may be made at the trial in this Litigation, in the presence of a jury, to the

existence of this Order or to the effect that certain material is subject to this Order.

18.     **NO LIMITATION OF OTHER RIGHTS OR OBJECTIONS**

By stipulating to the entry of this Order, no Party waives any right it otherwise would

have to object to disclosing or producing any information or item on any ground not addressed in

this Order.

19.     **ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of

any document, testimony, or other matter at any court proceeding related to this Litigation. The

marking of Designated Material as CONFIDENTIAL INFORMATION and OUTSIDE

22

ATTORNEYS' EYES ONLY INFORMATION pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this Litigation pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of Designated Material marked as CONFIDENTIAL INFORMATION and OUTSIDE ATTORNEYS' EYES ONLY INFORMATION.

### 20.  RELEASE FROM OR MODIFICATION OF THIS ORDER

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information, or to seek relief from inadvertent disclosure of privileged or work-product information.  On any request seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

### 21.  DISCOVERY FROM THIRD PARTIES

If discovery is sought of a person not a Party to this Litigation ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the Parties' respective Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' respective Designated Material pursuant to this Order.

### 22.  MATERIAL CONFIDENTIAL TO THIRD PARTIES

During the course of this Litigation, a Party may be requested to produce to another Party information subject to contractual or other obligations of confidentiality owed to a third party by

23

the Party receiving the request.  The Party subject to such contractual or other obligation of

confidentiality shall timely contact the third party to determine whether such third party is

willing to permit disclosure of the information under the terms of this Order.  If the third party is

willing to permit such disclosure, the information shall be produced in accordance with this

Order.  If the third party is not willing to permit disclosure of the information under the terms of

this Order, the Requesting Party in the Litigation shall be notified and any information withheld

on the basis of such contractual or other confidentiality obligation shall be identified on a

separate index stating the reason for withholding the document and the third party to whom the

obligation of confidentiality is owed.  This Order shall not preclude any Party from seeking an

order compelling production of such information.

### 23.    NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL

If a Receiving Party receives a subpoena or other compulsory process from a non-party to

this Order seeking production or other disclosure of a Producing Party's Designated Material,

that Receiving Party shall give written notice to outside counsel for the Producing Party

immediately, and in no event more than five (5) business days after receipt of the subpoena or

other compulsory process, identifying the specific Designated Material sought and enclosing a

copy of the subpoena or other compulsory process.

The Receiving Party must also promptly inform in writing the party who caused the

subpoena or order to issue in the other litigation that some or all of the materials covered by the

subpoena or order are subject to this Order.  In addition, the Receiving Party must deliver a copy

of this Order promptly to the party in the other action that caused the subpoena or order to issue.

If the Producing Party timely seeks a protective order, the Receiving Party to whom the

subpoena or other compulsory process was issued or served shall not produce the Designated

24

Material requested prior to receiving a Court order or consent of the Producing Party.  In the event that Designated Material is produced to the non-Party, such material shall be treated as Designated Material pursuant to this Order.

### 24.    UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Designated Material under this Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order.  In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Stipulated Protective Order in the form shown in EXHIBIT A.

### 25.    COUNSEL'S RIGHT TO PROVIDE ADVICE

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's client with respect to this Litigation, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

### 26.    NO CONTRACT

To the extent that the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order.  The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective

counsel.

27.   **EFFECTIVE DATE**

This Order shall be effective on the date of its entry by the Court, provided that all material previously produced shall be deemed OUTSIDE ATTORNEYS' EYES ONLY INFORMATION unless and until they are re-designated by the Producing Party or by further order of the Court.

28.   **TERMINATION**

The final termination of this Litigation shall not automatically terminate the effectiveness of this Order, and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

29.   **OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Order who in other proceedings becomes subject to a motion to disclose another Party's Designated Material pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard in the other proceeding.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| Brian E. Farnan (#4089) | Frederick L. Cottrell, III (#2555) |
| Michael J. Farnan (#5165) | Jason J. Rawnsley (#5379) |
| FARNAN LLP | Alexandra M. Ewing (#6407) |
| 919 N. Market Street, 12th Floor | RICHARDS, LAYTON & FINGER, P.A. |
| Wilmington, DE 19801 | One Rodney Square |
| (302) 777-0300 | 920 North King Street |
| bfarnan@farnanlaw.com | Wilmington, DE 19801 |
| mfarnan@farnanlaw.com | (302) 651-7700 |
| | cottrell@rlf.com |
| OF COUNSEL: | rawnsley@rlf.com |
| | ewing@rlf.com |
| Edward R. Reines | |
| Derek C. Walter | OF COUNSEL: |
| Randi W. Singer | |
| WEIL, GOTSHAL & MANGES | Daralyn J. Durie |
| LLP | Eugene Novikov |
| 201 Redwood Shores Parkway | Eneda Hoxda |
| Redwood Shores, CA 94065 | Henry H. Cornillie |
| edward.reines@weil.com | DURIE TANGRI LLP |
| derek.walter@weil.com | 217 Leidesdorff Street |
| randi.singer@weil.com | San Francisco, CA 94111 |
| | Telephone: 415-362-6666 |
| *Attorneys for Defendant Celsee, Inc.* | Facsimile: 415-236-6300 |
| | ddurie@durietangri.com |
| | enovikov@durietangri.com |
| | ehoxda@durietangri.com |
| | hcornillie@durietangri.com |
| | |
| | *Attorneys for Plaintiff 10x Genomics, Inc.* |

SO ORDERED this ___ day of December, 2019.

_____

    UNITED STATES MAGISTRATE JUDGE

RLF1 22570691v.1