# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10x GENOMICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) C.A. No. 19-862-CFC-SRF | |
| CELSEE, INC., ) | |
| ) **JURY TRIAL DEMANDED** | |
| Defendant. ) | |
| ) | |

### DECLARATION OF CHRISTIAN LAPOINTE IN SUPPORT OF LETTER REGARDING PROTECTIVE ORDER DISPUTE

I, Christian LaPointe, if called upon as a witness could competently testify to the facts set forth below:

1. I am currently General Counsel to Celsee, Inc. ("Celsee."). I hold this position only on a part-time basis, and have only done so since August 2019.

2. I work remotely for Celsee from Boston, Massachusetts rather than at Celsee's facility in Ann Arbor, Michigan. I do not have a regular physical presence at Celsee's Michigan facility.

3. I am not involved in any competitive or strategic decision making for Celsee. I am not involved in any decisions related to pricing, product design, product development, or business acquisitions. In fact, I was only hired after this litigation was initiated. Celsee hired me primarily to manage the litigation, which is a role I have taken on in the past for other companies.

4. If I am denied access to information designated as "Highly Confidential – Outside Attorneys' Eyes Only," my ability to successfully complete the primary task for which I have been hired—managing this litigation—will be severely diminished. This was highlighted recently, for instance, with the several hundred documents 10x submitted along with their infringement

contentions that were marked as such. Since I was not able to view or evaluate many of the documents accompanying 10x's infringement contentions, my ability to openly discuss the content of those documents and general defense strategy with my outside counsel—Weil, Gotshal & Manges—was severely limited.

5. Other than managing this litigation, my other job duties on behalf of Celsee pertain to activities far removed from Celsee's competitive decision making activities. Specifically, I am engaged in reviewing standard agreements such as confidential disclosure agreements, supply agreements, and material transfer agreements. Additionally, I provide advice on human-resource related matters. To the extent Celsee requires legal advice with respect to its competitive decision making activities, Celsee has traditionally relied upon outside corporate attorneys for legal advice, and will continue to do so.

6. Although I am currently involved in patent prosecution management on behalf of Celsee, if I am provided access to information designated as "Highly Confidential – Outside Attorneys' Eyes Only," I will not be personally involved in or participate in the drafting or prosecution of patent applications on behalf of Celsee, nor will I be involved with determining the content of any patent applications.

7. If I am provided access to information designated as "Highly Confidential – Outside Attorneys' Eyes Only," Celsee will provide me with an isolated litigation-only laptop and email account for receiving and viewing confidential files related to the case.

8. Given that I am not physically present at Celsee, work for Celsee only on a part time basis, and am engaged only on discrete legal tasks for Celsee, my role at Celsee is in many respects more akin to that of any outside attorney. Like an outside attorney, I have more than one client and am engaged in legal work for another client that is unrelated to Celsee.

9. Specifically, in addition to my work for Celsee, I am currently Deputy General Counsel at ArcherDX. I understand that 10x has stated in correspondence with Celsee that my role at ArcherDX weighs against allowing me access to information that 10x has marked as "highly confidential – outside attorneys' eyes only." As with Celsee, I do not act as a competitive decisionmaker on behalf of ArcherDX.

10. Moreover, ArcherDX is engaged in activities unrelated to those of 10x. ArcherDX is a company that develops products for the enrichment of target nucleic acid material for genetic mutation detection. ArcherDX does not compete with 10x. ArcherDX has no involvement in the field of single-cell isolation and analysis, which is the field of the patents-in-suit and the field that 10x is involved in. Likewise, while Celsee's technology is based on the use of microwells and 10x's platform is based on the use of microfluidic droplets, ArcherDX is a molecular biology company and none of its activities pertain to partitioning using any approach, whether it be microwells or droplets.

11. In fact, ArcherDX is completely barred from entering the single cell field, in any way. For instance, ArcherDX has obtained a license from Becton Dickinson, according to which ArcherDX is required to mark its products with the following designation: "This product or service is licensed under one or more of the following U.S. patents: 8,835,358; 9,290,808; 9,290,809; 9,315,857; 9,708,659; and 9,816,137 owned by Becton Dickinson, and is licensed solely for the use described in the associated product literature. No other rights, implied or otherwise, are granted to the purchaser hereunder. Purchaser agrees, by way of example and not limitation, not to use this product to trace back the origin of a nucleic acid to an individual cell as a discrete entity (e.g. single cell analysis)." Thus, ArcherDX cannot enter the single cell field.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 16, 2020 at Boston, Massachusetts.


Dated: January 16, 2020                          */s/ Christian LaPointe*
                                                                         Christian LaPointe