# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

10x GENOMICS, INC.,

                    Plaintiff,

    v.

CELSEE, INC.,

                    Defendant.

C.A. No. 19-00862-CFC-SRF

## PLAINTIFF 10X GENOMICS, INC.'S ANSWER TO DEFENDANT CELSEE, INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS

Plaintiff 10x Genomics, Inc. ("10x" or "Plaintiff") hereby answers the counterclaims in Defendant Celsee, Inc.'s First Amended Answer and Counterclaims to 10x Genomics, Inc.'s Complaint for Patent Infringement, Unfair Competition, and False Advertising (D.I. 60) (the "Counterclaim") by corresponding paragraph numbers as follows. Unless specifically admitted, Plaintiff denies each and every allegation made by Celsee in the Complaint and states as follows:

## PRELIMINARY STATEMENT

Celsee raises affirmative defenses and counterclaims asserting that the `541, `280, and `648 patents are unenforceable and invalid for improper inventorship. Celsee fails to mention that similar issues were litigated before the United States International Trade Commission ("USITC") for a related set of patents and were decided in 10x's favor. *Certain Microfluidic Systems and Components Thereof and Products Containing Same*, USITC, Inv. No. 337-TA-1100, 119-151 (July 2019).

In that case, Bio-Rad argued—just as Celsee does here—that QuantaLife employee Nicholas Heredia was an omitted co-inventor of the patents-at-issue and that the patents-at-issue belonged to Bio-Rad by way of Benjamin Hindson's and Serge Saxonov's employment contracts.   The ITC Administrative Law Judge ("ALJ") squarely rejected both claims.

## THE PARTIES

1.      Plaintiff admits the allegations contained in paragraph 1 of the Counterclaim.

2.      Plaintiff admits the allegations contained in paragraph 2 of the Counterclaim.

## JURSDICTION

3.      Plaintiff admits the allegations contained in paragraph 3 of the Counterclaim.

4.      Plaintiff admits it is subject to personal jurisdiction in this judicial district for the purposes of this action.

## VENUE

5.      Plaintiff admits the allegations contained in paragraph 5 of the Counterclaim.

6.      Plaintiff admits only that venue in this Court is proper for the purposes of this action.

## ACTUAL CONTROVERSY

7.     Plaintiff admits the allegations contained in paragraph 7 of the Counterclaim.

8.     Though Plaintiff denies Celsee's defenses of non-infringement, invalidity, and unenforceability, Plaintiff admits that the parties disagree regarding these issues and that consequently there is an actual controversy within the meaning of 28 U.S.C. § 2201 and 2202 regarding same.  Plaintiff admits Celsee seeks a declaration of non-infringement and invalidity of the `981, `648, `197, `541, `459, `662, and `280 patents.  Plaintiff denies Celsee seeks a declaration that the `981, `648, `197, `541, `459, `662, and `280 patents are unenforceable.

## COUNTERCLAIM ONE
(Declaratory Judgment of Non-Infringement of the `981 Patent)

9.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

10.     Plaintiff admits it alleges Celsee has infringed the asserted claims of the `981 patent under 35 U.S.C. § 271(a)–(c).  Plaintiff denies Celsee's denial of those allegations contained in paragraph 10 of the Counterclaim.

11.     Plaintiff admits the allegations contained in paragraph 11 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM TWO
(Declaratory Judgment of Non-Infringement of the `648 Patent)

12.     Plaintiff incorporates each of the preceding paragraphs of its Answer as

if set forth fully herein.

13.     Plaintiff admits it alleges Celsee has infringed the asserted claims of the `648 patent under 35 U.S.C. § 271(a)–(c).  Plaintiff denies Celsee's denial of those allegations contained in paragraph 13 of the Counterclaim.

14.     Plaintiff admits the allegations contained in paragraph 14 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM THREE
(Declaratory Judgment of Non-Infringement of the `197 Patent)

15.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

16.     Plaintiff admits it alleges Celsee has infringed the asserted claims of the `197 patent under 35 U.S.C. § 271(a)–(c).  Plaintiff denies Celsee's denial of those allegations contained in paragraph 16 of the Counterclaim.

17.     Plaintiff admits the allegations contained in paragraph 17 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM FOUR
(Declaratory Judgment of Non-Infringement of the `541 Patent)

18.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

19.     Plaintiff admits it alleges Celsee has infringed the asserted claims of the `541 patent under 35 U.S.C. § 271(a)–(c).  Plaintiff denies Celee's denial of those

allegations contained in paragraph 19 of the Counterclaim.

20.     Plaintiff admits the allegations contained in paragraph 20 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM FIVE
### (Declaratory Judgment of Non-Infringement of the `459 Patent)

21.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

22.     Plaintiff admits it alleges Celsee has infringed the asserted claims of the `459 patent under 35 U.S.C. § 271(a)–(c).  Plaintiff denies Celsee's denial of those allegations contained in paragraph 22 of the Counterclaim.

23.     Plaintiff admits the allegations contained in paragraph 23 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM SIX
### (Declaratory Judgment of Non-Infringement of the `662 Patent)

24.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

25.     Plaintiff admits it alleges Celsee has infringed the asserted claims of the `662 patent under 35 U.S.C. § 271(a)–(c).  Plaintiff denies Celsee's denial of those allegations contained in paragraph 25 of the Counterclaim.

26.     Plaintiff admits the allegations contained in paragraph 26 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM SEVEN
(Declaratory Judgment of Non-Infringement of the `280 Patent)

27.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

28.     Plaintiff admits it alleges Celsee has infringed the asserted claims of the `280 patent under 35 U.S.C. § 271(a)–(c).  Plaintiff denies Celsee's denial of those allegations contained in paragraph 28 of the Counterclaim.

29.     Plaintiff admits the allegations contained in paragraph 29 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM EIGHT
(Declaratory Judgment of Invalidity of the `981 Patent)

30.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

31.     Plaintiff admits the `981 patent cites the following foreign patent document: WO 2010/117620 A3.  To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.  Plaintiff nonetheless denies the remaining allegations contained in paragraph 31 of the Counterclaim.

32.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.  Plaintiff nonetheless denies the allegations contained in paragraph 32 of the Counterclaim.

33.     Plaintiff admits the allegations contained in paragraph 33 of the

Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM NINE
(Declaratory Judgment of Invalidity of the `648 Patent)

34.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

35.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 35 of the Counterclaim.

36.     This paragraph sets forth legal conclusions and questions of law to which no response is required.  Plaintiff nonetheless denies the allegations contained in paragraph 36 of the Counterclaim.

37.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.  Plaintiff nonetheless incorporates paragraphs 93 through 115 of its Answer as if set forth fully herein and denies the allegations contained in paragraph 37 of the Counterclaim.

38.     Plaintiff admits the allegations contained in paragraph 38 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM TEN
(Declaratory Judgment of Invalidity of the `197 Patent)

39.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

40.     Plaintiff admits the `197 patent cites the following foreign patent document: WO 2010/117620 A3.   To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the remaining allegations contained in paragraph 40 of the Counterclaim.

41.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 41 of the Counterclaim.

42.     Plaintiff admits the allegations contained in paragraph 42 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM ELEVEN
(Declaratory Judgment of Invalidity of the `541 Patent)

43.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

44.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 44 of the Counterclaim.

45.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 45 of the Counterclaim.

46.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless incorporates paragraphs 61

through 90 of its Answer as if set forth fully herein and denies the allegations contained in paragraph 46 of the Counterclaim.

47.   Plaintiff admits the allegations contained in paragraph 47 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM TWELVE
(Declaratory Judgment of Invalidity of the `459 Patent)

48.   Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

49.   Plaintiff admits the `459 patent cites the following foreign patent document: WO 2010/117620 A3.   To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 49 of the Counterclaim.

50.   To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 50 of the Counterclaim.

51.   Plaintiff admits the allegations contained in paragraph 51 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM THIRTEEN
(Declaratory Judgment of Invalidity of the '662 Patent)

52.   Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

53.     Plaintiff admits the `662 patent cites the following foreign patent document: WO 2010/117620 A3.   To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the remaining allegations contained in paragraph 53 of the Counterclaim.

54.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 54 of the Counterclaim.

55.     Plaintiff admits the allegations contained in paragraph 55 of the Counterclaim but denies that Celsee is entitled to any relief.

### COUNTERCLAIM FOURTEEN
(Declaratory Judgment of Invalidity of the `280 Patent)

56.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

57.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 57 of the Counterclaim.

58.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 58 of the Counterclaim.

59.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless incorporates paragraphs 61

through 90 of its Answer as if set forth fully herein and denies the allegations in paragraph 59 of the Counterclaim.

60.    Plaintiff admits the allegations contained in paragraph 60 of the Counterclaim but denies that Celsee is entitled to any relief.

## COUNTERCLAIM FIFTEEN
(Declaratory Judgment of Unenforceability of the `541 and `280 Patents)

61.    Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

62.    To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 62 of the Counterclaim.

63.    Plaintiff admits the allegations contained in paragraph 63 of the Counterclaim.

64.    Plaintiff denies the allegations contained in paragraph 64 of the Counterclaim.

65.    Plaintiff denies the allegations contained in paragraph 65 of the Counterclaim.

66.    Plaintiff admits that it has asserted seven patents in this case, including the `648, `541, and `280 patents.  Plaintiff denies the remaining allegations contained in paragraph 66 of the Counterclaim.

67.    Plaintiff admits that Benjamin Hindson worked at QuantaLife from

August 2008 to October 2011, and then at Bio-Rad from October 2011 to April 2012. Plaintiff admits that at QuantaLife, Benjamin Hindson worked on the development of a commercial product for Droplet Digital PCR, a product that included microfluidic devices to generate droplets. Plaintiff denies the remaining allegations contained in paragraph 67 of the Counterclaim.

68.    Plaintiff admits that Christopher Hindson worked at QuantaLife from August 2010 to October 2011, and then at Bio-Rad from October 2011 to November 2012. Plaintiff admits that at QuantaLife, Christopher Hindson worked on the development of a commercial product for Droplet Digital PCR, a product that included microfluidic devices to generate droplets. Plaintiff denies the remaining allegations contained in paragraph 68 of the Counterclaim.

69.    Plaintiff admits that Serge Saxonov worked at QuantaLife from May 2010 to October 2011, and then at Bio-Rad from October 2011 to April 2012. Plaintiff admits that at QuantaLife, Serge Saxonov worked on the development of a commercial product for Droplet Digital PCR, a product that included microfluidic devices to generate droplets. Plaintiff denies the remaining allegations contained in paragraph 69 of the Counterclaim.

70.    Plaintiff admits that Kevin Ness worked at QuantaLife from September 2008 to October 2011, and then at Bio-Rad from October 2011 to September 2012. Plaintiff admits that at QuantaLife, Kevin Ness worked on the development of a

commercial product for Droplet Digital PCR, a product that included microfluidic devices to generate droplets.   Plaintiff denies the remaining allegations contained in paragraph 70 of the Counterclaim.

71.   Plaintiff denies the allegations contained in paragraph 71 of the Counterclaim.

72.   Plaintiff admits, on information and belief, that Bio-Rad has stated publicly that it acquired QuantaLife in October 2011 for $162 million in cash plus potential future milestone payments.

73.   Plaintiff admits that Benjamin Hindson, Christopher Hindson, Kevin Ness, and Serge Saxonov each started working at Bio-Rad after Bio-Rad's acquisition of QuantaLife.  Plaintiff admits that Benjamin Hindson left Bio-Rad in April 2012.  Plaintiff admits that Christopher Hindson left Bio-Rad in November 2012.  Plaintiff admits that Kevin Ness left Bio-Rad in September 2012.  Plaintiff admits that Serge Saxonov left Bio-Rad in April 2012.  Plaintiff admits that 10x was founded in 2012 by Serge Saxonov, Benjamin Hindson, and Kevin Ness.  Plaintiff admits that Christopher Hindson was employed by 10x in 2012.  Plaintiff denies the remaining allegations contained in paragraph 73 of the Counterclaim.

74.   Plaintiff denies the allegations contained in paragraph 74 of the Counterclaim.

75.   To the extent this paragraph sets forth legal conclusions and questions

of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 75 of the Counterclaim.

76.    Plaintiff admits the `541 and `280 patents do not include Nicholas Heredia or Paul Blainey as inventors. Plaintiff denies the remaining allegations contained in paragraph 76 of the Counterclaim.

77.    Plaintiff denies the allegations contained in paragraph 77 of the Counterclaim.

78.    Plaintiff denies the allegations contained in paragraph 78 of the Counterclaim.

79.    Plaintiff denies the allegations contained in paragraph 79 of the Counterclaim.

80.    To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 80 of the Counterclaim.

81.    This paragraph sets forth legal conclusions and questions of law to which no response is required.

82.    Plaintiff admits that this paragraph correctly recites a portion of 35 U.S.C. §115(a).

83.    Plaintiff admits that this paragraph correctly recites a portion of 35 U.S.C. §116(a).

84.    Plaintiff admits that this paragraph correctly recites a portion of the Manual of Patent Examining Procedure ("MPEP") § 2157.    Plaintiff denies the remaining allegations contained in paragraph 84 of the Counterclaim.

85.    Plaintiff denies the allegations contained in paragraph 85 of the Counterclaim.

86.    Plaintiff denies the allegations contained in paragraph 86 of the Counterclaim.

87.    Plaintiff denies the allegations contained in paragraph 87 of the Counterclaim.

88.    Plaintiff denies the allegations contained in paragraph 88 of the Counterclaim.

89.    Plaintiff admits the '541 and '280 patents name seven individuals as inventors: Benjamin Hindson, Christopher Hindson, Michael Schnall-Levin, Kevin Ness, Mirna Jarosz, Serge Saxonov, and Paul Hardenbol.    Plaintiff admits that each of the inventors named on the `541 and `280 patents filed oaths pursuant to 37 CFR § 1.63 on October 22, 2018.    Plaintiff denies the remaining allegations contained in paragraph 89 of the Counterclaim.

90.    This paragraph sets forth legal conclusions and questions of law to which no response is required.    Plaintiff nonetheless denies the allegations contained in paragraph 90 of the Counterclaim.

## COUNTERCLAIM SIXTEEN
(Declaratory Judgment of Invalidity of the `541 and `280 Patent – Improper Inventorship)

91.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

92.     Plaintiff incorporates paragraphs 61 through 90 of its Answer as if set forth fully herein.  To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies that the claims of the `541 and `280 patents are invalid for improper inventorship.

## COUNTERCLAIM SEVENTEEN
(Declaratory Judgment of Unenforceability of the `648 Patent)

93.     Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

94.     To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 94 of the Counterclaim.

95.     Plaintiff admits the `648 patent names four individuals as inventor: Benjamin Hindson, Serge Saxonov, Kevin Ness, and Paul Hardenbol.   Plaintiff denies the remaining allegations in paragraph 95 of the Counterclaim.

96.     Plaintiff denies the allegations contained in paragraph 96 of the Counterclaim.

97.     Plaintiff admits that Benjamin Hindson worked at QuantaLife from

August 2008 to October 2011, and then at Bio-Rad from October 2011 to April 2012. Plaintiff admits that at QuantaLife, Benjamin Hindson worked on the development of a commercial product for Droplet Digital PCR, a product that included microfluidic devices to generate droplets. Plaintiff denies the remaining allegations contained in paragraph 97 of the Counterclaim.

98.    Plaintiff admits that Christopher Hindson worked at QuantaLife from August 2010 to October 2011, and then at Bio-Rad from October 2011 to November 2012. Plaintiff admits that at QuantaLife, Christopher Hindson worked on the development of a commercial product for Droplet Digital PCR, a product that included microfluidic devices to generate droplets. Plaintiff denies the remaining allegations contained in paragraph 98 of the Counterclaim.

99.    Plaintiff admits that Serge Saxonov worked at QuantaLife from May 2010 to October 2011, and then at Bio-Rad from October 2011 to April 2012. Plaintiff admits that at QuantaLife, Serge Saxonov worked on the development of a commercial product for Droplet Digital PCR, a product that included microfluidic devices to generate droplets. Plaintiff denies the remaining allegations contained in paragraph 99 of the Counterclaim.

100.    Plaintiff admits that Kevin Ness worked at QuantaLife from September 2008 to October 2011, and then at Bio-Rad from October 2011 to September 2012. Plaintiff admits that at QuantaLife, Kevin Ness worked on the development of a

commercial product for Droplet Digital PCR, a product that included microfluidic devices to generate droplets.  Plaintiff denies the remaining allegations contained in paragraph 100 of the Counterclaim.

101.   Plaintiff denies the allegations contained in paragraph 101 of the Counterclaim.

102.   Plaintiff admits, on information and belief, that Bio-Rad has stated publicly that it acquired QuantaLife in October 2011 for $162 million in cash plus potential future milestone payments.

103.   Plaintiff admits that Benjamin Hindson left Bio-Rad in April 2012, Serge Saxonov left Bio-Rad in April 2012, and Kevin Ness left Bio-Rad in September 2012.  Plaintiff admits that provisional patent application 61/737,374 was filed on December 14, 2012.  Plaintiff admits that the `648 Patent listed provisional patent application 61/737,374 as a Related U.S. Application. Plaintiff denies the remaining allegations contained in paragraph 103 of the Counterclaim.

104.   Plaintiff denies the allegations contained in paragraph 104 of the Counterclaim.

105.   Plaintiff denies the allegations contained in paragraph 105 of the Counterclaim.

106.   Plaintiff denies the allegations contained in paragraph 106 of the Counterclaim.

107.   To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 107 of the Counterclaim.

108.   This paragraph sets forth legal conclusions and questions of law to which no response is required.

109.   Plaintiff admits that this paragraph correctly recites a portion of 35 U.S.C. §115(a).

110.   Plaintiff admits that this paragraph correctly recites a portion of 35 U.S.C. §116(a).

111.   Plaintiff admits that this paragraph correctly recites a portion of the Manual of Patent Examining Procedure ("MPEP") § 2157.   Plaintiff denies the remaining allegations contained in paragraph 111 of the Counterclaim.

112.   Plaintiff denies the allegations contained in paragraph 112 of the Counterclaim.

113.   To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 113 of the Counterclaim.

114.   Plaintiff admits the `648 patent names four individuals as inventors: Benjamin Hindson, Serge Saxonov, Kevin Ness, and Paul Hardenbol.   Plaintiff admits that each of the inventors named on the `648 patent filed oaths pursuant to 37

CFR § 1.63 on August 9, 2017 and December 28, 2016.  To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.  Plaintiff nonetheless denies the remaining allegations contained in paragraph 114 of the Counterclaim.

115.   To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.   Plaintiff nonetheless denies the allegations contained in paragraph 115 of the Counterclaim.

## COUNTERCLAIM EIGHTEEN
(Declaratory Judgment of Invalidity of the `648 Patent – Improper Inventorship)

116.   Plaintiff incorporates each of the preceding paragraphs of its Answer as if set forth fully herein.

117.   Plaintiff incorporates paragraphs 93 through 115 of its Answer as if set forth fully herein.   To the extent this paragraph sets forth legal conclusions and questions of law, no response is required.  Plaintiff nonetheless denies that the claims of the `648 patent are invalid for improper inventorship.

## RESPONSE TO PRAYER FOR RELIEF
10x denies that Celsee is entitled to any of the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES
### Unclean Hands

Celsee comes to the Court with unclean hands, including at least because of the conduct detailed in paragraphs 12 through 34 of 10x's First Amended Complaint.

D.I. 31.  Accordingly, Celsee may not recover on its counterclaims, and in particular may not avail itself of the Court's powers of equity.

### Failure to State a Claim - Inventorship

Because improper inventorship is no longer a ground for a finding of invalidity under 35 U.S.C. § 102, and because inventorship is readily correctable under 35 U.S.C. § 256, Celsee has failed to state a claim of invalidity on that basis with respect to any of the patents at issue.

### Failure to State a Claim – Non-Infringement

Celsee has failed to state a claim for a declaratory judgment of non-infringement of any of the patents at issue because Celsee has not pled any facts that would entitle it to that relief.

### Failure to State a Claim – Invalidity Under § 112

Celsee has failed to state a claim for invalidity under the doctrines of written description, enablement, or indefiniteness for any of the patents at issue because Celsee has not pled any facts that would entitle it to that relief.

## JURY DEMAND

Plaintiff requests a jury trial on all counterclaims so triable.

## PRAYER FOR RELIEF

Plaintiff requests that this Court enter judgment in Plaintiff's favor and against Celsee and grant the following relief:

1.     A judgment that Celsee take nothing by way of its Counterclaim;

2.      A judgment that all claims against Plaintiff are dismissed with prejudice;

3.      A judgment that all costs are awarded against Celsee;

4.      A judgment that the `981 patent is valid;

5.      A judgment that the `648 patent is valid;

6.      A judgment that the `197 patent is valid;

7.      A judgment that the `541 patent is valid;

8.      A judgment that the `459 patent is valid;

9.      A judgment that the `662 patent is valid;

10.     A judgment that the `280 patent is valid;

11.     A judgment that Celsee has infringed the `981 patent in violation of 35 U.S.C. § 271;

12.     A judgment that Celsee has infringed the `648 patent in violation of 35 U.S.C. § 271;

13.     A judgment that Celsee has infringed the `197 patent in violation of 35 U.S.C. § 271;

14.     A judgment that Celsee has infringed the `541 patent in violation of 35 U.S.C. § 271;

15.     A judgment that Celsee has infringed the `459 patent in violation of 35 U.S.C. § 271;

16.     A judgment that Celsee has infringed the `662 patent in violation of 35 U.S.C. § 271;

17.     A judgment that Celsee has infringed the `280 patent in violation of 35 U.S.C. § 271;

18.     A judgment that Celsee's infringement of the `981, `648, `197, `541, `459, `662, and `280 patents has been willful and deliberate;

19.     A permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Celsee, and all persons in active concert or participation with them, from any further acts of infringement of the `981, `648, `197, `541, `459, `662, and `280 patents;

20.     An order, pursuant to 35 U.S.C. § 284, awarding Plaintiff damages adequate to compensate Plaintiff for Celsee's infringement of the `981, `648, `197, `541, `459, `662, and `280 patents, in an amount to be determined at trial, but in no event less than a reasonable royalty;

21.     An order, pursuant to 35 U.S.C. § 284, and based on Celsee's willful and deliberate infringement of the `981, `648, `197, `541, `459, `662, and `280 patents, trebling all damages awarded to Plaintiff;

22.     An order, pursuant to 35 U.S.C. § 284, awarding to Plaintiff interest on the damages and costs incurred in this action;

23.     An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Plaintiff any reasonable attorneys' fees incurred in this action,

including on the basis that Celsee has brought copycat claims that have already been

adjudicated in 10x's favor; and

24.   Such other and further relief as this Court may deem just and proper.

|  |  |
|---|---|
|  | /s/ Frederick L. Cottrell, III |
| OF COUNSEL: | Frederick L. Cottrell, III (#2555) |
|  | Jason J. Rawnsley (#5379) |
| Daralyn J. Durie | Alexandra M. Ewing (#6407) |
| Eugene Novikov | RICHARDS, LAYTON & FINGER, |
| Andrew Perito | P.A. |
| Eneda Hoxda | One Rodney Square |
| Annie Lee | 920 North King Street |
| DURIE TANGRI LLP | Wilmington, DE 19801 |
| 217 Leidesdorff Street | (302) 651-7700 |
| San Francisco, CA 94111 | cottrell@rlf.com |
| Telephone: 415-362-6666 | rawnsley@rlf.com |
| Facsimile: 415-236-6300 | ewing@rlf.com |
| ddurie@durietangri.com |  |
| enovikov@durietangri.com | *Attorneys for Plaintiff 10x Genomics,* |
| ehoxda@durietangri.com | *Inc.* |
| hcornillie@durietangri.com |  |

Dated:  February 3, 2020