**RICHARDS LAYTON & FINGER**

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

August 12, 2020

<u>VIA CM/ECF</u>

The Honorable Sherry R. Fallon
United States District Court for the District of Delaware          **PUBLIC REDACTED COPY**
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

        Re: *10x Genomics, Inc. v. Celsee, Inc.*, C.A. No. 19-862-CFC-SRF

Dear Judge Fallon:

      Pursuant to paragraph 2.i of the Scheduling Order (D.I. 32), 10x requests leave to supplement its Infringement Contentions to add detail regarding its theory on claim 20 of U.S. Pat. No. 10,240,197 ("claim 20"). When 10x first prepared its contentions in December 2019, it did so without access to nonpublic documents about Celsee's accused Genesis Platform, which Celsee did not produce until months later. After Celsee complained that 10x's contentions were deficient, 10x agreed to supplement to add detail—taken from the later-produced documents—and thus to resolve the dispute. Although the parties were able to reach agreement as to most of those supplemental contentions (even though Celsee continues to drag its feet on providing final approval), Celsee refused to consent to the supplement on claim 20, arguing that it reflected a complete change in theory and would require additional claim construction.

      The record, however, is to the contrary. Whereas in its initial contentions, 10x drew an inference from the absence of evidence, 10x is now able, based on Celsee's documents, to point to affirmative evidence confirming the inference. 10x should be permitted to so supplement. This type of supplement is called out in the Scheduling Order as an example of good cause, and because it is a mere clarification pointing to Celsee's own documents, there is no prejudice to Celsee. And even if, contrary to fact, 10x's supplementation constituted a change in theory, it should be permitted. 10x diligently sought to supplement following Celsee's production of nonpublic documents, and before the claim construction hearing in this case. In these circumstances, supplementation should be permitted.

**I.     Factual Background**

      10x filed this case in May 2019. D.I. 1. It served its first set of requests for production on Celsee on June 6, 2019, seeking technical documents on the Genesis Platform. Ex. 1. Celsee, however, refused to engage in discovery while its partial motion to dismiss was pending. Ex. 2.

Honorable Sherry R. Fallon
August 12, 2020
Page 2

On November 14, 2019, this Court entered a scheduling order, with infringement contentions due by December 16, 2019.  D.I. 32 ¶ 2.e.  Celsee still did not produce any documents, claiming that it was entitled to wait until the deadline for the core technical document production—45 days *after* 10x's infringement contentions were due.  On January 30, 2020, Celsee made its first production, of 130 pages, allegedly of its core technical documents.  Ex. 3.  But those 130 pages did not provide adequate detail, as 10x flagged for Celsee.  Ex. 4; Ex. 5.  Ultimately, Celsee produced significant technical documents only several months later.

Meanwhile, 10x had timely served its infringement contentions in December; the claim chart for the '197 patent is attached as Ex. 6.  For claim 20, 10x pointed to Celsee brochures and other public information to explain how Celsee instructed customers to use the Genesis System in a way that practiced this claim.  As is relevant here, claim 20 requires that a "plurality of sample polynucleotides are randomly associated with said plurality of oligonucleotide tags."  10x explained, pointing to the public materials, that it was contending that sample nucleotides associated with the tags randomly because "[t]here is no indication that the plurality of oligonucleotide tags contains a transcript-specific sequence."  Ex. 6 at C-34.

During the spring, after Celsee finally began producing documents, Celsee asked 10x to consider dropping several claims and/or to provide more detail regarding its infringement contentions.  And based on the documents that Celsee had produced, 10x indeed withdrew some claims.  10x also agreed to provide supplemental contentions.  Ex. 7 at 3.  10x did so on May 14; it is those contentions that are at issue in this motion.  The proposed amended chart for the '197 patent is attached as Ex. 8; the disputed supplement appears at C-99–C-100 and relies on a document, ▬▬▬▬▬▬▬ that was produced on March 31, 2020, more than three months after 10x provided its infringement contentions and two months after the court-ordered deadline for Celsee to provide its technical production.  Ex. 9.

On May 22, Celsee responded that the assertion of claim 20 was "baseless"; Celsee did not explain why, or argue that the supplement raised a claim construction issue.  Ex. 10 at 2.  10x expressed its disagreement on May 29, Ex. 11 at 2, and on June 8, Celsee asked 10x to explain its position in greater detail, Ex. 12 at 2.  10x did so on June 25, directing Celsee back to 10x's infringement contentions.  Ex. 13 at 1.  On June 30, Celsee claimed the June 25 letter made clear that 10x was pursuing a theory "based on previously undisclosed contentions about the meaning of terms" in claim 20, but Celsee did not identify any such terms nor any implied construction.  Ex. 14 at 1. 10x asked Celsee to elaborate, Ex. 15, to which Celsee again responded by claiming there was a dispute as to the meaning of claim 20, without identifying that dispute, Ex. 16.  Following the parties' meet-and-confer, 10x filed its request for this discovery dispute.  D.I. 124.  The *Markman* hearing was then held on August 5.  Celsee did not seek any new constructions.

**II.     Argument**

Under the Scheduling Order, amendments of infringement and invalidity contentions "may be made only by order of the Court upon a timely showing of good cause."  D.I. 32 ¶ 2.i.  "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include . . . recent discovery of nonpublic information

Honorable Sherry R. Fallon
August 12, 2020
Page 3

about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id.* Indeed, infringement contentions served "before much discovery has been exchanged" "should not be treated as final." *Amgen Inc. v. Kashiv Biosciences, LLC*, No. CV 18-3347 (CCC), 2019 WL 5445974, at *2 (D.N.J. Oct. 24, 2019). The rules on amendment "are not a straightjacket into which litigants are locked from the moment their contentions are served." *Id.* at *1 (internal quotation omitted). "The key factor courts look at to determine whether good cause exists to grant an amendment to a contention is the diligence of the moving party." *Bayer Cropscience AG v. Dow AgroSciences LLC,* No. CV 10-1045 (RMB/JS), 2012 WL 12904381, at *2 (D. Del. Feb. 27, 2012).

10x's supplementation meets the test for good cause. 10x's infringement contentions were made before Celsee had produced *any* documents, as a result of Celsee's strategic decision to delay its production—as noted above, 10x tried, repeatedly, to get Celsee to produce documents sooner, but was unsuccessful. In these circumstances, it would be unusual if 10x were not seeking to supplement. And the core technical aspects of the Genesis Platform are not public information; the document on which 10x relied in its supplement was produced as Outside Attorneys' Eyes Only. Once that nonpublic information was provided to 10x, 10x acted speedily to seek Celsee's consent to a supplement. 10x thus has been diligent. *See Amgen Inc.*, 2019 WL 5445974, at *1–2; *Bayer Cropscience AG*, 2012 WL 12904381, at *2.

Celsee's claim of prejudice does not withstand scrutiny. Although Celsee calls 10x's supplement a change in theory, it is not. Claim 20 requires that "said plurality of sample polynucleotides are randomly associated with said plurality of oligonucleotide tags." As 10x explained in its initial contentions, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Celsee now argues ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 17 at 8–9. But that is not true, for reasons that are fully captured by 10x's initial infringement contentions. By way of explanation:

Honorable Sherry R. Fallon
August 12, 2020
Page 4



Hence, claim 20 is practiced. 10x's supplemental contentions add additional information from Celsee documents obtained later in discovery showing ▮▮▮ Ex. 8 at C-100. ▮▮▮ There is thus no prejudice to Celsee because 10x's theory has not changed. And Celsee itself is familiar with its own documents—it is not as though 10x's supplement interjects an issue that Celsee must now investigate.

    Moreover, even if 10x's addition could, *arguendo*, be considered a change in theories, there is still no prejudice to Celsee. Given that Celsee knew that 10x had to prepare its infringement contentions without any non-public documents on the Genesis System, and Celsee refused to timely provide the relevant nonpublic documents, Celsee should have expected that there would need to be at least some changes. It could have avoided that by producing documents earlier, but chose not to do so. Notably, the only alleged prejudice that Celsee has pointed to is the need for claim construction. But Celsee has not identified a term that needs construction. If Celsee's worry is that 10x will later argue for an implied construction that is not consistent with the plain and ordinary meaning of the language of claim 20, then Celsee is not prejudiced by the supplement, as it can raise that objection later. If the claim language is actually unclear and needs construction, and Celsee realized that only upon receiving 10x's supplementation, then Celsee should have sought to re-open claim construction. Celsee chose not to do so at a point when the term could have been construed with the others in dispute with only minor adjustments to the claim construction proceedings, but Celsee remains free to make any request of the Court it chooses. Celsee's own strategic decision, however, is not prejudice.

### III.  Conclusion

    For the reasons set forth above, 10x should be permitted to supplement its Infringement Contentions as set forth in Ex. 8.

Respectfully submitted,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

cc:    All Counsel of Record (via CM/ECF and email)

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2020, I caused true and correct copies of the foregoing document to be served on the following counsel in the manner indicated:

**VIA EMAIL**
Brian E. Farnan
Michael Farnan
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

**VIA EMAIL**
Barbara A. Fiacco
Jeremy A. Younkin
Brendan Jones
Emma S. Winer
Urszula Nowak
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
FoleyHoag-CelseeTeam@foleyhoag.com

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com