IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10x GENOMICS, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 19-862-CFC-SRF |
| CELSEE, INC., | ) **FILED UNDER SEAL** |
| Defendant. | ) |

### CELSEE'S UNOPPOSED MOTION TO REDACT PORTION OF THE NOVEMBER 5, 2020 HEARING TRANSCRIPT

Defendant Celsee, Inc. ("Celsee") hereby respectfully submits this unopposed motion to redact a portion of a single sentence of the November 5, 2020 hearing transcript because it refers to the escrow amount set forth in a non-public acquisition agreement. The grounds for this motion are set forth below. A version of the transcript with the proposed redaction highlighted is attached hereto as Exhibit A, and a redacted version of the transcript is attached as Exhibit B.

Throughout the November 5, 2020 hearing on 10x's Objection to the Magistrate Judge's September 23, 2020 Order in this case, the Court and the parties referred to the agreement under which Bio-Rad Laboratories, Inc. acquired Defendant Celsee, Inc. and, in particular, to an escrow provision in that agreement. For the most part, the discussion at the hearing did not delve into the details of the escrow or other provisions of the agreement. However, at one point the Court read

1

an excerpt of a deposition transcript in which the questioning attorney referred to a specific escrow amount. *See* Tr. at 11:11.[1] Celsee requests that this specific amount be redacted from the public version of the transcript. *See* Exs. A, B.

The public has a "common law right of access to judicial proceedings and records," but this right "is not absolute." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Though there is a presumption of access, that presumption "must be balanced against the factors militating against access." *Id.* A party seeking redaction of judicial records may overcome the presumption of public access by showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). Thus, courts may "deny access to judicial records … where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn,* 851 at 678. Generally, courts protect materials if their disclosure would "harm … a litigant's standing in the marketplace*." Mars, Inc. v. JCM Am. Corp.*, No. 05-3165 (RBK), 2007 U.S. Dist. LEXIS 9819, at *5 (D.N.J. Feb. 13, 2007).

---

[1] During fact discovery and prior to the November 5 hearing, Celsee designated this portion of the deposition transcript , as well as the acquisition agreement itself, Highly Confidential – Outside Eyes Only under the Protective Order.

Here, Celsee's proposed redaction is limited to a specific dollar amount mentioned once during the November 5 hearing. Neither the acquisition agreement, nor the escrow provision of the agreement have been made public. *See* Ex. C (LaPointe Declaration), ¶ 2. ███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████ *See* Ex. D, § 1.11(i).

Celsee has a legitimate private interest in maintaining the confidentiality of the terms of its agreements with Bio-Rad. *See Mars*, 2007 U.S. Dist. LEXIS 9819, at *2 (parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public").

███████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████████ *See*

Ex. C ¶ 3. █████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████. *Id.*

There is no strong public interest in the amount of the escrow, and the minimal, narrowly tailored redaction proposed by Celsee would not "obscure any discussion of the actual nature of the parties' dispute" from the public. *Mosaid*

3

*Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510-12 (D. Del. 2012) (allowing redactions of specific, confidential financial information as "terms that relate to pricing, valuation, monetary payments, and financial information should be protected"). Indeed, during the entire hearing, which lasted over 90 minutes, the amount of the escrow was mentioned only once. The nature of the dispute is readily apparent from the rest of the transcript. Accordingly, the limited information Celsee seeks to redact is precisely the sort of information that should be redacted. *See id.* ("[T]his is the type of information which, while largely incidental to the substantive issues in this case, could cause real and serious harm to the parties' future negotiations if disclosed to competitors").

Accordingly, Celsee respectfully requests approval of its proposed redaction.

Dated: November 20, 2020

*Of Counsel:*

Barbara A. Fiacco
bfiacco@foleyhoag.com
Jeremy A. Younkin
jyounkin@foleyhoag.com
Brendan T. Jones
bjones@foleyhoag.com
Emma S. Winer
ewiner@foleyhoag.com
Urszula Nowak
unowak@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No.5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*

## **CERTIFICATION OF COMPLIANCE**

The foregoing document complies with the type-volume limitation of this Court's March 2, 2020 form Scheduling Order For All Cases where Infringement is Alleged. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 790 words, excluding the case caption, signature block, table of contents and table of authorities.

    /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)

Dated: November 20, 2020