IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

10x GENOMICS, INC.,

                    Plaintiff,

          v.

CELSEE, INC.,

                    Defendant.

Civil Action No. 19-862-CFC-SRF

## MEMORANDUM ORDER

Plaintiff 10x Genomics alleges that Defendant Celsee violated the Lanham Act and the Delaware Deceptive Trade Practices Act by making false or misleading representations of fact concerning the cell capture rate of its Genesis Platform. D.I. 86 ¶¶ 106–122. Pending before me is Celsee's Motion for Summary Judgment on 10x's False Advertising Claims. D.I. 270.

To prevail on its Lanham Act claim, 10x must show: "1) that [Celsee] has made false or misleading statements as to [its] own product or another's; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of

declining sales, loss of good will, etc." *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.,* 653 F.3d 241, 248 (3d Cir. 2011). Celsee argues that the undisputed evidence establishes that 10x cannot meet the first, second, and fifth elements of this test. D.I. 277 at 1. For each of these elements, however, 10x has shown that there is a dispute of a material fact that precludes granting summary judgment.

First, Celsee asserts that "10x cannot prove that Celsee's cell capture statements are literally false" because "it is undisputed that there is no universal definition of 'cell capture rate.'" D.I. 277 at 3, 5. But 10x cites record evidence that appears to contradict Celsee's assertion, creating a factual dispute over whether Celsee's cell capture statements are literally false. *See* D.I. 299, Ex. 1 ¶¶ 675, 691, 698, 705; Ex. 2 ¶¶ 71–72, 93; Ex. 7 at 801:10–17.

Second, Celsee argues that "10x cannot show that Celsee's cell capture statements actually deceive or have the tendency to deceive a substantial portion of the target audience as required under the second element of the Lanham Act's test." D.I. 277 at 7. But because there is a dispute of a material fact regarding whether Celsee's statements about the cell capture rate were literally false, summary judgment is precluded based on the second element of the false advertising test, too. *See Castrol Inc. v. Pennzoil Co.,* 987 F.3d 939, 943 (3d Cir. 1993) ("[A] plaintiff must prove *either* literal falsity *or* consumer confusion, but not both.") (emphasis in original)*; see also Pernod Ricard,* 653 F.3d at 248

2

(explaining that if plaintiff can prove literal falsity, plaintiff need not prove actual deception or a tendency to deceive).

Third, Celsee states that "there is insufficient evidence to show that Celsee's cell capture statements have injured 10x." D.I. 277 at 10.  But 10x cites record evidence that appears on its face to contradict Celsee's statement, creating a factual dispute over whether 10x has been injured by Celsee's statements. *See* D.I. 278, Ex. G at 226:19–227:8, 229:13–16, 238:1–6; D.I. 299, Ex. 6 at 79:14–81:15, Ex. 40 at 46–47.

Because of these disputed material facts, I will deny the motion with respect to the Lanham Act claim.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

Celsee also argues that 10x's Delaware Deceptive Trade Practices Act claim fails as a matter of law.  D.I. 277 at 11.  Celsee's argument rests solely on its assertion that 10x does not have standing to assert a DTPA claim "because it has abandoned its request for injunctive relief." D.I. 277 at 11.  10x responds by quoting *State ex rel. Brady v. Fallon*, 1998 WL 283438 (Del. Super. Ct. Feb. 27, 1998), for its holding that a plaintiff need not actually seek injunctive relief to have standing to assert a DTPA claim as it is enough that "a party merely have a basis to seek injunctive relief…regardless of whether that party chooses to pursue such a

3

course of action." D.I. 297 at 11–12 (citing *Fallon,* 1998 WL 283438 at *5).

Celsee does not challenge or attempt to distinguish this quoted language from

*Brady.* I will therefore allow 10x's DTPA claim to proceed and deny Celsee's

motion with respect to that claim.

NOW THEREFORE, at Wilmington this Eighth day of April in 2021, **IT IS**

**HEREBY ORDERED** that Celsee's Motion for Summary Judgment on 10x's

False Advertising Claims (D.I. 270) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE