

July 1, 2021

**VIA E-FILING**
The Honorable Colm F. Connolly
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:   *10x Genomics, Inc. v. Celsee, Inc.*, C.A. No. 19-862-CFC-SRF

Dear Chief Judge Connolly:

    I write in response to 10x Genomics, Inc.'s letter (D.I. 363) requesting reconsideration of the Court's entry of a ***stipulated*** extension of the deadline to file the Joint Proposed Pretrial Order and associated filings (the "Pretrial Filings"), and the Court's Order regarding the pretrial conference and trial in this matter.

    10x's letter grossly misstates the facts. Celsee did not ask 10x to agree to an extension as "a professional courtesy." Rather, Celsee raised the possibility of an extension because 10x required more time to prepare a key stipulation and because additional time would allow the parties to reduce the number of disputes submitted to the Court.

    ***'662 Stipulation.*** Months ago, 10x indicated that it agreed that Celsee does not infringe the '662 Patent, one of the six asserted patents in this case, and the parties began negotiating a stipulated judgment of non-infringement. At a meet and confer about the Pretrial Filings on June 18, 10x agreed that the parties should finalize the stipulation ***before*** filing the Pretrial Filings so that the filings did not reference and address a patent that would not be tried. During the June 18 meet and confer, 10x agreed to circulate a revised stipulation for Celsee's consideration. However, by June 29—one day before the Pretrial Filings deadline—10x still had not sent the revised stipulation, and the draft filings were replete with references to the '662 Patent.

    On June 29, counsel for Celsee proposed a two-day extension of the deadline (*i.e.*, from Wednesday to Friday). Counsel for 10x indicated that its offices would be closed on Friday, and proposed a one-day extension (*i.e.*, from Wednesday to Thursday) instead. In response, Celsee stated, "If we can get the revised stipulation on the `662 today [i.e., June 29], we could probably [do] Thursday. Otherwise, we may have to push this to Tuesday if Friday is bad." In

other words, as a professional courtesy, Celsee was willing to agree to a one-day extension so long as 10x promptly circulated the '662 Patent stipulation. Evidently deciding that it wanted more time to edit the '662 stipulation, ***10x chose to request extending the deadline to Tuesday***.

***Joint Filings.*** There was another reason for an extension: the parties were still negotiating key ***joint*** portions of the Pretrial Filings—the Joint Proposed Pretrial Order, Jury Instructions, Verdict Form and Statement of Undisputed Facts—as of June 29. A June 30 filing likely would have included disputes that could have been resolved with a little more time.

***The Court's June 30th Order.*** At approximately 1:30 p.m. on June 30, the Court granted the parties' Joint Stipulation to Extend Time, cancelled the pretrial conference and trial, and stated that new pretrial conference and trial dates will be set by the Court after it receives the filings that had been due by June 30.

At approximately 2:45, 10x informed Celsee that it intended to call the Court "[t]o ask whether the parties can do anything to keep the trial date." 10x also claimed that, if necessary to cause the Court to reconsider its decision, 10x was ready to file "our sections" of the Pretrial Filings that day (*i.e.,* June 30). However, as explained above, the joint filings were still being negotiated and could not be finalized within three hours.

Celsee's Delaware counsel explained that he was busy with a teleconference until 4:00 and would contact 10x's Delaware counsel when he became free so that the parties could jointly call the Court. When it appeared that 10x might initiate an *ex parte* contact with the Court, Celsee's counsel warned: "if you call without me I will seek all relief available." Despite this warning, 10x's Delaware counsel initiated the *ex parte* call anyway.[1]

At approximately 6:30 p.m., 10x filed its letter with the Court. 10x represented that it was prepared to submit "its" pretrial materials by noon today, July 1. This representation violated 10x's agreement with Celsee and was implausible in view of the outstanding issues still present in the joint filings.

***10x's 10:00 p.m. Email.*** At 10:00 p.m. last night, 10x forwarded revised versions of the Joint Proposed Pretrial Order, Jury Instructions, Verdict Form and

---

[1] 10x's suggestion that it was unable to reach Celsee's counsel to include him in the call to the Court is baseless. Between 2:45 and 4:05, Celsee's counsel was in near-constant email contact with 10x's counsel.

Statement of Undisputed Facts.  Celsee is in the process of reviewing these new materials, but it is unreasonable to demand that Celsee finalize these documents within hours of receiving them.

A preliminary review of 10x's revised pretrial filings raise at least one new issue that will take time to address.  Specifically, after sitting on the '662 Patent stipulation for weeks, 10x suddenly announced late last night that it has "agreed to drop the '662 Patent from the case."  10x did not explain what this means or how such "dropping" is to be effectuated if not by stipulation.  10x still has not provided Celsee with a revised stipulation.

10x's revised pretrial filings also indicate that 10x seeks to present various outstanding issues to the Court for resolution before the meet and confer process has concluded.

***10x Failure to Narrow the Case.***  The parties should be able to work through all of the issues discussed above in time to meet the new filing deadline, particularly now that 10x has apparently given up on the '662 Patent.  But a significant additional issue remains: 10x's failure to materially narrow the claims it intends to try.

At the April 20 conference in this case, the Court explained to counsel for 10x that it "can't try six patents in four days with a . . . Lanham Act [claim]" and instructed counsel to "pare down the case."  Ex. A.  Lead counsel for 10x told the Court that she "[u]nderstood."  However, other than finally agreeing to withdraw the '662 Patent and reduce the number of asserted patents from six to five, 10x's proposed pre-trial papers do not narrow the case at all.  As a result, there is considerable uncertainty about what exactly 10x will try in its 11.5 hours of trial time.  The current drafts of the Pretrial Filings therefore do not accurately reflect the scope of what will be tried and will need to be revised once 10x discloses its narrowed claims.  It does not make sense to submit filings that are inaccurate and then revise them.

To prepare this case for trial, 10x should be required to choose two patents—one from the Brenner Patent family and one from the Hindson Patent family—to present at trial.  It should inform Celsee of its choices and serve proposed Pretrial Filings that reflect those choices, and the parties should thereafter meet and confer and file Pretrial Filings that address only those claims and issues that will be tried.

      During today's conference, Celsee is prepared to further discuss how to finalize the Pretrial Filings to reflect the claims and issues to be tried in order to minimize the burden on the Court's time required to resolve pre-trial disputes and conduct the trial efficiently.

                               Respectfully submitted,

                               /s/ Brian E. Farnan

                               Brian E. Farnan

Cc: Counsel of Record (Via E-Filing)